The **MOUNTAIN STATES TELEPHONE & TELEGRAPH COMPANY**, a Colorado corporation, Plaintiff,

v.

The **PUBLIC UTILITIES COMMISSION OF the STATE OF COLORADO** and Henry E. Zarlengo, Howard S. Bjelland, Edwin R. Lundborg, Commissioners, Defendants,

and

Colorado Municipal League as Intervenor-Defendant.

Civ. A. No. C–2834.

United States District Court, D. Colorado.
April 8, 1971.

T. M. Ledingham, James A. Clark, Alvin J. Meiklejohn, Jr., and Arthur R. Hauver, Denver, Colo., for plaintiff.

John E. Archibold, and Robert E. Commins, Asst. Attys. Gen., for defendants.

Kenneth G. Bueche, Boulder, Colo., General Counsel, Gorsuch, Kirgis, Campbell, Walker & Grover, Denver, Colo., Special Counsel for intervenor-defendant.

Before LEWIS, Circuit Judge, and CHILSON and BRATTON, District Judges.

## FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER

CHILSON, District Judge.

Plaintiff is a public utility engaged in the business of supplying exchange and toll telephone service in certain areas of the State of Colorado. As such, its charges and rates are subject to the jurisdiction of the defendant, Public Utilities Commission of the State of Colorado (Commission).

On October 1, 1970, the plaintiff filed with the Commission, rate schedules increasing its rates for service within the State of Colorado, to become effective December 7, 1970.

Colorado Revised Statutes, Section 115–6–11 provides:

"Whenever there shall be filed with the Commission any schedule stating an individual or joint rate, fare, toll, * * * the Commission shall have power * * * either upon complaint or upon its own initiative * * * to enter upon a hearing concerning the propriety of such rate * * * and pending the hearing and decision thereon, such rate * * * shall not go into effect; provided, that the period of suspension of such rate * * * shall not extend beyond 120 days beyond the time when such rate * * * would otherwise go into effect, unless the Commission, in its discretion, extends the period of suspension for a period not exceeding three months."

Pursuant to this statute, the Commission gave notice of a hearing on the propriety of the new rates and ordered that the rates "are suspended on the Commission's own motion, for a period of one-hundred and twenty (120) days from the proposed effective date of December 7, 1970, or until April 5, 1971, unless otherwise ordered by the Commission."

By its verified amended complaint, the plaintiff alleges that the portion of Section 115–6–11 authorizing the Commission to suspend the new rate schedules is unconstitutional as applied to plaintiff, in that the suspension of the new rates works a taking of plaintiff's property without due process of law as required by Section 2 of the Fourteenth Amendment to the Federal Constitution.

In support of this conclusion, plaintiff alleges that the old rates were and are

confiscatory in that they do not produce a reasonable return on the plaintiff's rate base and that each day that the new rates are suspended by the Commission's order constitutes a taking of plaintiff's property without due process of law, since the plaintiff can never recover the loss of revenue which it incurs during the suspension period.

The plaintiff prays for a declaration that Section 115–6–11 is unconstitutional as applied to the plaintiff, and seeks interlocutory and permanent injunctive relief restraining the operation of Section 115–6–11 insofar as it authorizes the Commission to suspend the new rates during the pendency of the Commission's hearings and investigation of the propriety of those rates.

Since the action was brought to restrain the enforcement, operation, and execution of a state statute, a three-judge court was empanelled as required by Title 28 U.S.C. Section 2281.

An application for a temporary restraining order was made to the judge to whom the case was first assigned. The application was denied and the plaintiff's motion for a preliminary injunction was heard on March 25, 1971, all members of the three-judge court being present.

The Colorado Municipal League was permitted to intervene and be heard.

At the hearing, there was received in evidence the findings, conclusions and order of a majority of the members of the Commission, entered on March 25, 1971, making a final determination with respect to the new rates filed by plaintiff.

 Since the Commission's suspension order pursuant to Section 115–6–11 is no longer in effect, the Commission having entered a final order, there is presently no ground for injunctive relief restraining the operation of the statute.

 Insofar as the amended complaint seeks relief from the Commission's order entered March 25, 1971, during the period of judicial review of that order (assuming there will be a judicial review), we find the plaintiff has a plain, speedy, and efficient remedy in the courts of the State of Colorado, and that any injunctive interference by this Court with the Commission's order is barred by 28 U.S.C. Section 1342.

Although the hearing in this matter was upon a motion for a preliminary injunction, it appears to the Court there is no reason for any further hearing to determine this action upon the merits. On the foregoing findings, the Court concludes that the prayer for interlocutory and permanent injunctive relief and declaratory judgment should be denied, and the action should be dismissed.

It is therefore ordered that the motion for a preliminary injunction is denied, and judgment of dismissal of the complaint be entered forthwith.